1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7     SURIAL DIAZ,                              Case No.  21-cv-00137-SVK

8                     Plaintiff,
                                                **ORDER TO SHOW CAUSE**
9            v.

10    PATRICK COVELLO,

11                    Defendant.

12

13          Petitioner Surial Diaz seeks federal habeas relief under 28 U.S.C. § 2254 from his state

14   conviction and sentence.  The Court orders respondent to show cause why the petition should not

15   be granted.

16                                      **DISCUSSION**

17   A.      Standard of Review

18          This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

19   custody pursuant to the judgment of a State court only on the ground that he is in custody in

20   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v.*

21   *Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing

22   the respondent to show cause why the writ should not be granted, unless it appears from the

23   application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

24   Summary dismissal is appropriate only where the allegations in the petition are vague or

25   conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d

26   490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

27   B.      Petitioner's Claims

28          In the habeas petition, petitioner states the following claims:

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

(1)(a) Petitioner's Sixth Amendment right to confront the witness against him was
violated, *see* Dkt. 1 at 22-45;

(1)(b) Petitioner's right to due process was violated because evidence that the complaining
witness had previously made a false accusation of having been molested was
excluded, *see id.* at 22-45;

(2)   Petitioner's right to due process was violated because the judge's finding that each of
the counts had been committed on separate occasions was not supported by
sufficient evidence, *see id.* at 45-48;

(3)   Petitioner's Sixth Amendment and Fourteenth Amendment rights were violated
because the minimum and maximum term of each subordinate count was increased
based upon facts found by a judge, not a jury, *see id.* at 49-56;

(4)   Petitioner's Fourteenth Amendment rights were violated by the court of appeal's
denial of petitioner's motion to augment the record with a reporter's transcript of
jury selection, *see id*. at 61-69.

Liberally construed, petitioner has stated cognizable claims for relief.  The Court orders
respondent to show cause why the petition should not be granted as to these claims.

## CONCLUSION

1.      The Clerk shall serve electronically a copy of this order upon the respondent and
the respondent's attorney, the Attorney General of the State of California, at the following email
address:  SFAWTParalegals@doj.ca.gov.  The Petition and the attachments thereto are available
via the Electronic Case Filing System for the Northern District of California.

2.      Respondent shall file with the Court and serve on petitioner, within **sixty days** of
the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
Respondent shall file with the answer and serve on petitioner a copy of all portions of the
underlying state criminal record that have been transcribed previously and that are relevant to a
determination of the issues presented by the petition.  If petitioner wishes to respond to the
answer, he shall do so by filing a traverse with the Court and serving it on respondent within

2

**twenty-eight days** of the date the answer is filed.

3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, within **sixty days** of the date this order is filed.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the Court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.      Respondent shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due. This form can be found at www.cand.uscourts.gov/civilforms.

**SO ORDERED.**

Dated: March 10, 2021

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3