UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURIAL DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>        Defendant. | Case No. 21-cv-00137-JST<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 1 |

Before the Court is Petitioner Surial Diaz's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 to challenge the validity of his state criminal conviction. ECF No. 1. Respondent filed an answer to the petition, ECF No. 7, and Diaz filed a traverse, ECF No. 10. The Court will deny the petition.

**I.      BACKGROUND**

The following factual and procedural background is taken from the California Court of Appeal's opinion:[1]

> Jane Doe 1 and Jane Doe 2 are sisters. In 2004, they went to live in their paternal grandmother's (grandmother) house after their parents "split up." Defendant was married to grandmother and lived with her in the same house when the sisters lived there. It is apparently undisputed that at all relevant times, Jane Does 1 and 2 would have preferred to live with their mother.
>
> On June 14, 2017, the Contra Costa County District Attorney filed a first amended information charging defendant with five counts of committing a forcible lewd act against Jane Doe 2 when she was

---

[1] The Court has independently reviewed the record as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Nasby v. Daniel*, 853 F.3d 1049, 1052–54 (9th Cir. 2017). Based on the Court's independent review, the Court finds that it can reasonably conclude that the state court's summary of the prosecution case and the defense case is supported by the record, unless otherwise indicated in this order.

under the age of 14 (Pen. Code, § 288, subd. (b)(1); counts 1–5); two counts of committing a forcible lewd act against Jane Doe 1 when she was under the age of 14 (§ 288, subd. (b)(1); counts 6–7); and two counts of committing a lewd act against Jane Doe 1 when she was 14 years old (§ 288, subd. (c)(1); counts 8–9). The information further alleged defendant committed most of his offenses against more than one victim. (§ 667.61, subd. (j)(2).)

At trial, Jane Doe 2 testified she had been touched by defendant on either her breasts or vagina on around 10 different days when she was about 12 years old. Jane Doe 2 testified the touching happened in the grandparents' bedroom, and it would happen when she was sick or had gone into the bedroom because she had a nightmare.[2] She explained defendant touched her on her breasts on "maybe like ten or more" different days and on her vagina "[m]ore than five" days, and the touching got worse over time. As to her breasts, defendant would "touch outside the shirt and sometimes like go underneath the shirt," doing so "[m]aybe five times or more." When Jane Doe 2 "first started growing pubic hair, he would like touch [her] down there and then like talk about it, and how [she] was becoming a lady and all that." Defendant touched her pubic hair but not actually her vagina "[m]aybe like two or three" times, and he touched her vagina but did not actually put his fingers inside "[m]aybe like two or three" times. "[L]ater on when [Jane Doe 2] actually had more pubic hair, . . . he would actually touch . . . the clit area, and then go even further to where he was touching the actual hole and putting his finger in." Jane Doe 2 testified defendant "would like roll over and put his leg on [her]. And that's when [she] could feel his private parts against [her]." His leg put a lot of pressure on her, and made her feel "trapped because he's so heavy." On one occasion when defendant digitally penetrated Jane Doe 2, he said "he would put his penis inside [her] but it was too big for" her. Defendant also made sexual comments to Jane Doe 2 when he saw her outside the shower in her towel.

On July 19, 2017, the jury found defendant guilty of four of the five charged offenses as to Jane Doe 2,[3] was unable to reach a verdict on one charge (count 2—digital penetration) as to Jane Doe 2, and acquitted defendant of the three remaining charges as to Jane Doe 1.[4] The jury found not true the multiple victim special allegations.

The trial court sentenced defendant to 34 years in prison by imposing full consecutive terms for each of the offenses of the conviction.

ECF No. 7-3 at 1229-30.

---

[2] "Jane Doe 2 shared a different bedroom with her sister, Jane Doe 1, and a cousin." ECF No. 7-3 at 1229 n.2.

[3] "As to count 1, the jury found true a special allegation that defendant had substantial sexual conduct with Jane Doe 2." ECF No. 7-3 at 1230 n.3.

[4] "At the close of evidence, the trial court granted the prosecutor's motion to dismiss one of the section 288, subdivision (c)(1) counts as to Jane Doe 1 (count 9)." ECF No. 7-3 at 1230 n.4.

2

1    On November 16, 2017, Diaz filed a notice of appeal. *Id.* at 383. Diaz also filed a motion to augment the record on appeal with documents and transcripts related to jury selection and instructions. *Id.* at 1210. The Court of Appeal denied the motion for "failure to establish with sufficient certainty how the requested transcripts may be useful on appeal." *Id.* at 1222. The California Supreme Court summarily denied Diaz's petition for review. *Id.* at 1226.

Diaz then filed an opening brief with the Court of Appeal, raising the same claims presented in the instant petition. *Id.* at 1042. On July 30, 2019, that court ordered an amended abstract of judgment that properly reflected Diaz's presentence credits but otherwise affirmed the judgment. *Id.* at 1228. The California Supreme Court summarily denied Diaz's petition for review. *Id.* at 1271.

## II.  LEGAL STANDARD

A petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2554(a).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state courts' adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2554(d); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Additionally, habeas relief is warranted only if the constitutional error at issue "had substantial and injurious effect or influence in determining the jury's verdict." *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (internal quotation marks and citations omitted).

A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or if it

3

"confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 405-06. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes that in its independent judgment that the relevant state-court decision applies clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

Section 2254(d)(1) restricts the source of clearly established law to the Supreme Court's jurisprudence. "[C]learly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

Where, as here, the highest state court denies a claim without issuing a reasoned opinion, the district court looks to the last reasoned opinion to determine whether the state judgment was erroneous under section 2254(d). *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the Court reviews the California Court of Appeal's opinion.

**III. DISCUSSION**

Diaz asserts the following claims for relief:

1. "The exclusion of evidence that the complaining witness had previously made a false accusation of having been molested denied petitioner his 6th and 14th Amendment rights to present a defense and cross examine witness." ECF No. 1 at 5.
2. "Because the evidence was insufficient to support the judge's finding that each of the counts had been committed on separate occasions, the imposition of full-term, consecutive sentences pursuant to subdivision (d) of Penal Code section 667.6 violated the Due Process Clause of the 14th Amendment." *Id.*

4

3. "The minimum and maximum term of each subordinate count was increased based upon facts found by a judge, not a jury, in violation of the 6th and 14th Amendments." *Id.*

4. "The court of appeal's denial of petitioner's motion to augment the record with a reporter's transcript of jury selection violated the Equal Protection Clause and the Due Process Clause of the 14th Amendment." *Id.*

### A.   Evidentiary Claims[5]

#### 1.   Background

During the preliminary hearing, defense counsel asked Jane Doe 2 on cross-examination whether she had ever accused someone else of touching her before. ECF No. 7-3 at 101. Jane Doe 2 explained that she had accused someone of touching her when she was around two or three years old but because "[she] was little and couldn't do face-to-face recognition" the person she identified "was not the person who had touched [her]." *Id.* at 102. When asked why she never told the police that she chose the wrong person, she stated she "picked someone that look like [the perpetrator]" and that it may have been him but she "didn't know." *Id.* at 102-03. On redirect Jane Doe 2 confirmed that she hadn't lied about being touched, but because she was so young, she wasn't sure whether the person she identified was the perpetrator of the abuse. *Id.* at 115.

Before trial, the prosecutor filed a motion in limine to exclude evidence of Jane Doe 2's allegations of prior abuse. *Id.* at 193. Although the prosecutor conceded that the person Jane Doe 2 identified "was never charged," he argued that the accusation should still be excluded because it was not "readily apparent that the prior complaint was false." *Id.* at 197. At the motion in limine hearing, Diaz's counsel said that the man Jane Doe 2 previously identified "den[ied] the allegations" and was willing to testify at trial that he did not molest her. *Id.* at 408. The

---

[5] "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, to the extent that Diaz argues that the state court applied the state's evidence code incorrectly, such a claim is not grounds for federal habeas relief. *Id*; *see also Housh v. Cueva*, No. 17-cv-04222-HSG, 2021 WL 428627, at *17 (N.D. Cal. Feb. 8, 2021) ("the failure to comply with a state's rules of evidence is neither a necessary nor sufficient basis for granting federal habeas relief, and the presence of absence of a state law violation is irrelevant").

5

prosecutor stated that it was his position, after reviewing the police report, that Jane Doe 2 "idenitif[ied] the right person in the six-pack." *Id*. at 411.

The state court granted the motion in limine under Evidence Code section 352. It found that the value of the evidence for purposes of impeachment rested on "proof that the prior charges were false" and would require the jury to "conduct a mini-trial" into the question of whether the prior accused individual actually molested Jane Doe 2 as a child. *Id*. at 434. After trial, Diaz filed a motion for a new trial based on the court's exclusion of this evidence. *Id.* at 349. The motion contained many of the same arguments raised in the motion in limine and added that Diaz's constitutional rights were violated. *Id.* The trial court denied the motion and affirmed its prior decision to grant the motion in limine. *Id.* at 1022-24. In reaching this conclusion, the trial court observed that Jane Doe 2 "was a two-or three-year old child" at the time of the allegations, which would have made it very difficult for her to communicate about the experience and pursue the charge. *Id.* at 1023-24.

The Court of Appeal affirmed. *Id.* at 1264. After noting that a trial judge has the right to impose certain limits on a defendant's cross-examination, the court found that due to "the remoteness of the allegation, Jane Doe 2's young age at the time, and the absence of conclusive evidence the allegation was false, the trial court's exclusion of the alleged false allegation evidence did not violate defendant's constitutional rights." *Id.* at 1265. The appellate court also noted that "defendant had ample opportunity to probe Jane Doe 2's credibility, specifically arguing to the jury Jane Doe 2 was motivated to lie because she wanted to live with her mother, not her grandparents, was influenced by her older sister's similar abuse allegations, and was not credible based on alleged inconsistencies in her testimony." *Id.*

### 2. Confrontation Clause Claim

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense," which "includes the right to conduct reasonable cross-examination." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation marks and citations omitted); *Olden v. Kentucky*, 488 U.S. 227, 231 (1988). However, this right does not prevent trial judges from imposing reasonable limits on cross examination "based on concerns about, among other things,

6

harassment, prejudice, confusion of the issues, the witness' safety or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).  In short, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective whatever way, and to whatever extent, the defense might wish." *Delaware v. Fernsterer*, 474 U.S. 15, 20 (1985) (per curiam) (emphasis in original).  "Thus, unless the defendant can show that the prohibited cross-examination would have produced a significantly different impression of the witnesses' credibility,' the trial court's exercise of discretion in this regard does not violate the Sixth Amendment." *People v. Hillhouse*, 27 Cal. 4th 469, 494 (2002) (cleaned up).

In determining whether an exclusion of evidence violated a criminal defendant's right to confront an adverse witness, habeas courts ask whether "(1) the excluded evidence was relevant; (2) there were other legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness." *United States v. Beardslee*, 197 F.3d 378, 383 (9th Cir. 1999).  Even if a court determines that a constitutional error occurred, the petition can only be granted if the reviewing court also finds that the error was not harmless.  *Van Arsdall*, 475 U.S. at 684 (Confrontation Clause violation subject to harmless error analysis).

Here, the state court's exclusion of evidence related to Jane Doe 2's prior accusation was not contrary to, and did not involve an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

First, to the extent that Diaz alleges the right to introduce the alleged perpetrator at trial, such a claim fails on review because the Supreme Court "has never held that the Confrontation Clause entitles a defendant to introduce *extrinsic evidence* for impeachment purposes." *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (emphasis in original).  This includes "the testimony of other witnesses." *See Housh*, 2021 WL 428627, at *18.  Thus, the decision to exclude third-party witness testimony did not contradict or unreasonably apply clearly established Supreme Court precedent. 28 U.S.C. § 2254(d); *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (noting that a state

7

court ruling cannot be found unreasonable where the Supreme Court has not adequately addressed the at-issue conduct). Diaz is not entitled to federal habeas relief on this ground.

It is not clear whether Diaz also alleges the right to introduce this evidence through cross-examination.[6] Regardless, the result is the same. Diaz argues that this evidence is "highly relevant" because it demonstrates Jane Doe 2's "propensity to make a false allegation" and also speaks to "her knowledge of the effect that an allegation would have." ECF No. 1 at 34. But the evidence does not establish that Jane Doe 2 lied about the prior assault. She only admits that she may have falsely identified the man who touched her when she was a child. This concession is of marginal relevance because Diaz is not arguing that Jane Doe 2 misidentified Diaz. Instead, his position is that no assault ever occurred. The trial court reasonably concluded that because there was no conclusive evidence of falsity (as to the crime itself), introducing the evidence for this purpose would likely lead to a "mini-trial" based on a "four-year old's accusation" regarding "an allegedly false long-past sexual incident which never reached the point of formal trial." ECF No. 7-3 at 1262.

This case closely resembles *Hughes v. Raines*, 641 F.2d 790 (9th Cir. 1981), where a state trial court refused to allow a defendant accused of rape to cross-examine his accuser about a prior rape accusation against a different person. The court noted that it was doubtful that the defendant could convincingly show that the accusation was false because "cross-examination would have revealed that [the plaintiff] contended the prior charge was true, that the man involved denied attempting to rape her, and that the district attorney did not prosecute the charge. The fact that the district attorney chose not to prosecute, in itself, could mean no more than that he decided he did not have sufficient evidence to obtain a conviction." *Id.* at 792. Because this case presents a similar situation and it is also "very doubtful" that falsity could be established, Diaz's right to confrontation was not violated. *See also United States v. Anagal*, 258 F. App'x 109, 111 (2007)

---

[6] For example, in arguing against the motion in limine, Diaz's counsel stated, "If I were to put this issue into this case, it would be the actual person that's being accused that would come in and testify and deny that this happened. I'm not going to get into, with the complaining witness in this case, any inconsistencies she may have provided then or now. That's not my concern." ECF No. 7-3 at 433.

8

(confrontation clause not violated where it is "very doubtful" that "it could be shown convincingly that the other charge was false" and "the inference of lack of credibility even if it could be proved was too attenuated").[7]

Moreover, Diaz was still able to challenge Jane Doe 2's credibility without this evidence.

> The Supreme Court consistently has held that a Confrontation Clause violation occurs when a trial judge prohibits any inquiry into why a witness may be biased. However, when some inquiry is permitted, trial judges retain wide latitude to impose reasonable limits on such cross-examination. No Confrontation Clause violation occurs as long as the jury receives sufficient information to apprise the biases and motivations of the witness.

*Fenenbock v. Dir. of Corr. for Cal.*, 692 F.3d 910, 919-20 (9th Cir. 2012) (quoting *Hayes v. Ayers*, 632 F.3d 500, 518 (9th Cir. 2011)). As the Court of Appeal noted, even without this evidence, Diaz "had ample opportunity to probe Jane Doe 2's credibility, specifically arguing to the jury Jane Doe 2 was motivated to lie because she wanted to live with her mother, not her grandparents, was influenced by her older sister's similar abuse allegations, and was not credible based on alleged inconsistencies in her testimony." ECF No. 7-3 at 1234.

Finally, this claim fails the harmless error analysis. "A Confrontation Clause violation is harmless, and so does not justify habeas relief, unless it had substantial and injurious effect or influence in determining the jury's verdict." *Ocampo v. Vail*, 649 F.3d 1098, 1114 (9th Cir. 2011) (internal quotation marks and citation omitted). Here, the evidence had limited impeachment value—the jury rejected Diaz's other credibility arguments; the allegations occurred when Jane Doe 2 was a young child; there is no indication that the allegations involved similar facts; and there is little evidence that the prior accusation was false. Diaz also states that the evidence would have demonstrated that Jane Doe 2 knew that if she made an allegation of molestation, it would be taken seriously, and the perpetrator would "likely go into custody." ECF No. 1 at 37. But, as Respondent points out, "no charges were even filed" in the prior case, and the man she accused "was not convicted and imprisoned on molestation charges." ECF No. 7-1 at 19. Diaz has therefore not demonstrated that excluding this evidence "had [a] substantial and injurious effect or

---

[7] The Court recognizes that this case is not binding precedent under Ninth Circuit Rule 36-3 but nonetheless relies on it as persuasive authority.

influence in determining the jury's verdict." *Ocampo*, 649 F.3d at 1114.

Accordingly, the Court concludes that the state court's decision rejecting this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it an unreasonable determination of, the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). Diaz is not entitled to habeas relief on this claim.

### 3. Due Process Clause Claim

The Court balances five factors in determining whether the exclusion of evidence violated a Diaz's due process rights: "(1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." *Chia v. Cambra*, 360 F.3d 997, 1004 (9th Cir. 2004).

In arguing that the trial court violated Diaz's due process by excluding evidence of Jane Doe 2's prior accusation, Diaz reiterates many of his confrontation clause arguments. ECF No. 1 at 37. Namely, that this evidence is "highly probative of Jane Doe 2's credibility" and that it relates "to her knowledge of what would happen if she were to make such an allegation." *Id.* Because the man Jane Doe 2 previously accused was prepared to testify, Diaz argues that "the factors of reliability and the ability of the trier of fact to evaluate this evidence" also weigh in his favor. *Id.* Finally, Diaz argues that the fifth factor "weighs heavily" in finding a denial of due process because his entire defense "rested on his denial of any abuse and required undermining the credibility of [Jane Doe 2's] allegations." *Id.* at 38.

These factors weigh against a finding that the trial court violated Diaz's due process rights for the reasons already stated in the court's Confrontation Clause analysis. "Because the exclusion of this accusation was not arbitrary or disproportionate to the purpose of the exclusionary rule, there was no due process violation." *Singh v. Attorney General of Cal.*, No. 21-cv-03351-HSG, 2022 WL 2194775, at *18 (N.D. Cal. June 17, 2022) (citing *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). Habeas relief is denied as to this claim.

## B. Sentencing

The trial court sentenced Diaz to ten years on one count, and full-term consecutive

10

1    sentences on three other counts for a total of 34 years.  ECF No. 7-3 at 378.  Under section

2    667.6(d), a court may order full-term consecutive sentencing where the offenses "involve separate

3    victims or involve the same victim on separate occasions."  Cal. Penal Code § 667.6(d).  The term

4    "separate occasions" is satisfied when "between the commission of one sex crime and another, the

5    defendant had a reasonable opportunity to reflect upon the defendant's actions."  Cal. Penal Code

6    § 667.6(d)(1).  Diaz argues that a jury should have decided the question of whether the counts

7    occurred on "separate occasions" because this determination "has the effect of increasing both the

8    minimum and maximum sentences" for his offenses and the Sixth Amendment mandates that "a

9    jury, not a judge, must find any fact that increases the maximum sentence for a crime."  ECF No. 1

10   at 49 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  Because the judge made the

11   determination here, Diaz claims that his Sixth Amendment right was violated.  Diaz also argued

12   that his due process rights were violated because "the evidence was insufficient to support the

13   judge's finding that each of the counts had been committed on separate occasions."  ECF No. 1 at

14   5.  The Court of Appeal rejected both arguments.

### 1.     Consecutive Sentences

16       Regarding the argument that a jury, not a judge, must make the "separate occasion"

17   determination, the Court of Appeal explained that "the United States and California Supreme

18   Courts have held that the decision whether to run individual sentences consecutively or

19   concurrently does not implicate the Sixth Amendment right to jury trial."  ECF No. 7-3 at 1266

20   (collecting cases).

21       This case highlights the confusion surrounding the constitutionality of allowing a judge,

22   rather than a jury, to determine the existence or nonexistence of a fact that increases a defendant's

23   sentence.  In *Apprendi*, the Supreme Court held that "any fact that increases the penalty for a

24   crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

25   reasonable doubt."  530 U.S. at 490.  This rule has been applied to "facts subjecting a defendant to

26   the death penalty, facts allowing a sentence exceeding the 'standard' range in Washington's

27   sentencing system, and facts prompting an elevated sentence under then-mandatory Federal

28   Sentencing Guidelines."  *Oregon v. Ice*, 555 U.S. 160, 167 (2009) (citations omitted) (collecting

cases).

In *Ice*, the Supreme Court upheld the constitutionality of a statute in Oregon that provided that "sentences shall run concurrently unless the judge finds statutorily described facts." *Id.* at 165. In reaching this conclusion, the Court distinguished the *Apprendi* line of cases which all involved "sentencing for a discrete crime, not—as here—for multiple offenses different in character or committed at different times." *Id.* at 167.

Four years later, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and held that the *Apprendi* rule applies to facts increasing the statutory minimum as well as the maximum sentence. *Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* did not explicitly overrule *Ice*; nor did it involve consecutive sentences for convictions on multiple counts. *Id.* Therefore, *Ice* remains good law. *See Minority Television Project, Inc. v. F.C.C.*, 736 F.3d 1192, 1198 (9th Cir. 2013) ("We do not credit Minority TV's argument that Citizens United . . . overruled decades of precedent sub silentio—especially given that the Court there expressly overruled two other cases with no mention of [the precedent Minority TV was challenging] . . . "); *United States v. McCalla*, 545 F.3d 750, 753 (9th Cir. 2008), *cert. denied*, 555 U.S. 1174 (2009) (lower federal court may not "set aside or disregard United States Supreme Court precedent"). It is also notable that "even though the cases were decided just four years apart, several justices, without comment, took different positions in each case." *Burrus v. Soto*, No. 13cv1789-LAB (WVG), 2015 WL 366459, at *4 (S.D. Cal. Jan. 23, 2015) (concluding that *Alleyne* does not impact the holding in *Ice*).

*Ice* remains good law and controls here. *See id.* ("the Court holds that *[Ice]* remains good law even after *Alleyne*, and that *Ice*, rather than *Apprendi* and *Alleyne* controls here"); *Luster v. Lizarraga*, No. CV 16-2444-VAP(E), 2017 WL 11679894, at *21 (C.D. Cal. Jan. 27, 2017) (same). Federal habeas relief is only available where the state court's decision was "contrary to, or involved and unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The state court's decision was not erroneous as measured by this standard.

### 2. Sufficient Evidence

Federal courts "must defer to the state court's interpretation of state law." *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993). However, the violation of a state sentencing law may merit habeas relief where the alleged error "is so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (internal quotation marks and citation omitted). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see, e.g., Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony" under California's sentence enhancement provisions, is question of state sentencing law and does not raise constitutional claim).

Diaz argues that the judge lacked sufficient evidence to find that the counts occurred on "separate occasions." ECF No. 1 at 48. The Court of Appeal rejected this argument for three reasons. First, Diaz forfeited this argument by "fail[ing] to set forth a summary of the evidence showing why it is insufficient." ECF No. 7-3 at 1265-66. Second, the court found that Diaz conceded that the evidence was sufficient in arguing that "[t]he evidence in the instant case would have supported the jury making either a finding that each of the convicted offenses occurred on the same occasion or a finding that each of the convicted offenses occurred on separate occasions." *Id.* at 1266 n.6. Finally, even if this argument had not been forfeited, the Court of Appeal found that the record supported a finding that the offenses occurred on "separate occasions" because "Jane Doe 2 testified defendant touched her breast on 10 or more different days and her vagina on 5 or more different days." *Id.* at 1266 (citing *People v. Garza*, 107 Cal. App. 4th 1081, 1092 (2003) for the proposition that "appellate court will reverse trial court's finding defendant committed offenses on separate occasions under § 667.6 only if 'no reasonable trier of fact could have decided the defendant had a reasonable opportunity for reflection after completing an offense before resuming his assaultive behavior'").

Diaz has failed to show that the state courts' application of Section 667.6 was fundamentally unfair. *See Christian*, 41 F.3d at 469. Diaz concedes that the evidence in the

13

record supports a finding that the offenses occurred on separate occasions, but argues that a judge cannot make this determination until the jury has specified the offense(s) on which they based their guilty verdicts. *Id.* Diaz provides no authority to support such a rule, and at least one court in this district has rejected a similar argument. *See Cabrera v. Mcdowell*, No. 14-cv-02494-YGR (PR), 2016 WL 3523844, at *27-30 (N.D. Cal. June 28, 2016) (denying habeas claim under section 667.6(d) where petitioner argued that "the jury could have based its verdicts on acts that occurred on the same occasion" because petitioner "failed to show any misapplication of state law"). Therefore, this claim is denied.

The Court of Appeal also found that Diaz conceded and forfeited this claim. ECF No. 7-3 at 1265-66. The Court need not reach these issues because it denies the habeas petition on different grounds. However, it appears that the Court of Appeal may have misunderstood Diaz's argument in reaching these conclusions. The Court of Appeal deemed Diaz's argument forfeited because he "fail[ed] to set forth a summary of evidence showing why it is insufficient to support a finding the crimes occurred on separate occasions." *Id.* at 1265-66. But the Court does not understand Diaz's argument to be that the evidence in the *record* is insufficient. Instead, he appears to be arguing that a judge cannot make a "separate offenses" determination without knowing *which* offenses formed the basis of the jury convictions. Thus, this argument was not forfeited. Similarly, the Court of Appeal found that Diaz conceded this claim because he stated in his brief that evidence in the record could support a "separate offenses argument." *Id.* at 1266 n.6. But because Diaz's argument is that the judge needs more information regarding the events underlying the jury convictions, this concession also does not doom his argument.

What does doom his argument is its premise. Diaz has not adequately supported his rule that a judge must know precisely which acts the jury based its convictions on before the judge can make a "separate offenses" determination. This claim is therefore denied.

### C.     Motion to Augment the Record

During appellate proceedings, Diaz filed a motion seeking to augment the record with a reporter's transcript of jury selection and a blank or redacted copy of the questionnaire that was used in selecting the jury. ECF No. 7-3 at 1212. The Court of Appeal denied this motion "for

14

1 failure to establish with sufficient certainty how the requested transcripts may be useful on
2 appeal." *Id*. at 1222.  The Supreme Court summarily denied the petition for review.  *Id.* at 1226.
3 Diaz repeated these arguments in his petition for review.  ECF No. 7-3 at 1255.  The Court of
4 Appeal affirmed judgment without addressing the request to augment, *id.* at 1267.  The California
5 Supreme Court summarily denied the petition for review.  *Id.* at 1271.  When presented with a
6 state court decision that is unaccompanied by a rationale for its conclusion, a federal court must
7 conduct an independent review of the record to determine whether the state court decision is
8 objectively reasonable.  *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

9 "The Federal Constitution imposes on the States no obligation to produce appellate review
10 of criminal convictions." *Halbert v. Michigan*, 545 U.S. 605, 610 (2005).  However, if state law
11 permits a direct appeal, "the State must provide an indigent defendant with a transcript of prior
12 proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North*
13 *Carolina*, 404 U.S. 226, 227 (1971); *see also Griffin v. Illinois*, 351 U.S. 12, 19 (1956) (per
14 curiam).  The court is only required to provide an indigent defendant with "a record of sufficient
15 completeness." *Mayer v. City of Chicago*, 404 U.S. 189, 194-95 (1971) (internal quotation marks
16 omitted).  Under California local rules, a defendant must "establish with some certainty how the
17 requested material may be useful on appeal" before it will provide an entire voir dire transcript.
18 *See Boyd v. Newland*, 467 F.3d 1139, 1151 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 2249 (2007).
19 Such a rule does not violate clearly established federal law.  *See id.*; *United States v. MacCollom*,
20 426 U.S. 317, 322-32 (1976) (plurality opinion).

21 In *Boyd v. Newland*, 467 F.3d 1139 (9th Cir. 2006), *cert. denied*, 550 U.S. 933 (2007) the
22 California state courts denied the defendant's *Batson* motion and his request to supplement the
23 record to include the entire voir dire transcript.  *Id.* at 1142-43.  The Ninth Circuit upheld the
24 California local rule "requiring an indigent defendant to show a specific need to obtain a complete
25 voir dire transcript." *Id.* at 1150-51.  However, it found that the state court still violated clearly
26 established federal law because "*Batson* and its progeny explain why, as a matter of Supreme
27 Court law, such a transcript may be useful on appeal." *Id.* at 1151.

28 Here, Diaz fails to demonstrate "why, as a matter of Supreme Court law, such a transcript

15

1    may be useful on appeal." 467 F.3d 1139. He argues that the transcripts might reveal "possible

2    error when instructing potential jurors on the law" and that because the district attorney referenced

3    voir dire discussions in closing argument, a transcript is needed "[t]o fully understand the district

4    attorney's closing argument and to assess any errors related to that argument." ECF No. 1 at 65,

5    67. Diaz has failed to cite, and the Court has been unable to locate, any Supreme Court authority

6    establishing that these arguments require the state court to augment the record. *Cf. Britt*, 404 U.S.

7    at 228 (noting that a transcript of a *prior mistrial* "would be valuable to the defendant"). Thus,

8    Diaz has not demonstrated that the rejection of his motion involved an unreasonable application of

9    clearly established federal law. *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) ("[I]t is not an

10   unreasonable application of clearly established Federal law for a state court to decline to apply a

11   specific legal rule that has not been squarely established by this Court") (internal quotation marks

12   omitted).

13   In addition, Diaz has not shown how the absence of this transcript prejudiced his appeal.

14   *See Madera v. Risley*, 885 F.2d 646, 648 (9th Cir. 1989) (finding no due process violation where

15   habeas petitioner failed to establish prejudice from missing transcripts). He has not identified

16   which claims he would have raised in this action had he obtained such transcripts. Instead, he

17   simply believes that reviewing these transcripts may reveal an error that he did not know existed.

18   ECF No. 1 at 68. "But such speculation does not warrant habeas relief." *Berry-Vierwinden v.*

19   *McDowell*, No. ED CV 15-23-R (PLA), 2016 WL 3556625, at *29 (C.D. Cal. Apr. 26, 2016); *see*

20   *also Williams v. Carey*, No. C 05-2870 MHP (pr), 2007 WL 3105068, at *3 (N.D. Cal. 2007)

21   ("The distinction between letting appellate counsel go on a fishing expedition to find claims as

22   opposed to developing evidence known or believed in good faith to exist in support of a claim is

23   important. If all that was needed was an assertion that the fishing expedition should be allowed

24   because something helpful might be found, all requests would have to be granted.").[8]

---

[8] Diaz also argues that his motion should be granted because California rules of court "provide that the record on appeal should include any oral instruction of the jury on the applicable law" and "instruction of the law is routinely a part of jury selection." ECF No. 1 at 67. This is not a cognizable federal habeas claim. *Estelle*, 502 U.S. at 67-68 (reemphasizing "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

16

### D. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### CONCLUSION

For the reasons stated above, Diaz's petition for a writ of habeas relief is denied, and a certificate of appealability is denied. The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: August 23, 2022

_____
JON S. TIGAR
United States District Judge